**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PERFECT KETO HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 22-701 |
| v. | ) |
| | )     Jury Trial Demanded |
| AXCESS GLOBAL SCIENCES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Perfect Keto Holdings, LLC ("PK") hereby brings this Complaint against Defendant Axcess Global Sciences, LLC ("Axcess") and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws, 35 U.S.C. § 1 et seq. PK seeks a judicial declaration of non-infringement and invalidity of U.S. Patent No. 11,020,362 for Beta-Hydryoxybutyrate Mixed Salt Compositions and Methods of Use ("the '362 patent"), which has been assigned to Axcess. A copy of the '362 patent is attached hereto as Exhibit 1. PK also asserts Texas state law claims seeking compensation for damages arising out of Axcess' tortious interference with PK's commercial activities.

## THE PARTIES

2. PK is a Delaware Limited Liability Corporation with its principal place of business at 1800 East 4th Street, Unit 101, Austin, TX 78702.

3. Upon information and belief, Axcess is a Utah Limited Liability Company with its principal place of business at 2157 South Lincoln Street, Salt Lake City, UT 84106.

1

**JURISDICTION AND VENUE**

4.     PK brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, to obtain a judicial declaration of non-infringement and invalidity of the '362 patent.  Accordingly, this matter is within the Court's original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     PK's claims against Axcess for tortious interference with contract and for tortious interference with prospective business advantage fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) insofar as Axcess' unjustified filing of patent complaints with Amazon.com alleging infringement of the '362 patent has tortiously interfered with PK's lawful commercial activities, including specifically its ability to sell its products via Amazon.com including to residents of this District.  Accordingly, PK's state law claims are so related to its claims for declaratory judgment of non-infringement of the '362 patent that they form part of the same case or controversy under Article III.

6.     This Court has personal jurisdiction over Axcess insofar as Axcess intentionally directed its tortious conduct at PK knowing that PK was a resident of this State and this District, and that PK conducted its business from its place of business in this State and this District. Accordingly, Axcess knew that its tortious activities would harm PK's business in this State and in this District and this Court has personal jurisdiction over Axcess for purposes of the claims set forth herein.  On information and belief, Axcess asserted the '362 patent against PK with the goal of excluding PK from the Texas market with the intent of reducing competition and increasing its own licensing profits.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## BACKGROUND

8.    PK develops and markets healthy snacks and nutritional products that benefit consumers seeking to increase their health and lose weight as part of a "keto" diet.

9.    PK markets its products through Amazon.com.

10.    Upon information and belief, Axcess knows that Amazon.com is an important channel for PK's marketing and sales of its products.

11.    Axcess alleged in a complaint to Amazon.com that PK's Perfect Keto Nootropic Brain Supplement product infringes the '362 patent.

12.    As a result of Axcess' complaint, Amazon.com removed listings of PK's Perfect Keto Nootropic Brain Supplement product from sale on the Amazon.com website.

13.    PK's Perfect Keto Nootropic Brain Supplement product does not infringe any claim of the '362 patent at least because the product contains medium chain fatty acids with six to twelve carbons, in the form of medium chain triglycerides, which are specifically excluded from every claim of the '362 patent.

14.    Axcess' actions have harmed, and will continue to harm, PK through Axcess' improper assertion of the '362 patent to cause Amazon.com to remove PK's product listings from sale on the Amazon.com website.

15.    As a direct and proximate result of Axcess' wrongful conduct, PK has been damaged not only by the prevention of the sale of its Perfect Keto Nootropic Brain Supplement product on Amazon.com but also related products that are typically purchased with this product.

## COUNT I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16.    PK realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

17.    As a result of the acts set forth herein, there is a substantial controversy between PK, on the one hand, and Axcess, on the other hand, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.    A judicial declaration is necessary and appropriate so that PK may definitively establish its rights with respect to the sale of its products in view of the '362 patent.

19.    Such a determination is further necessary to bar Axcess from continuing to misuse the '362 patent through assertions of infringement by PK made to third party retailers such as Amazon.com and convincing such third-party retailers to remove PK's products from their websites and other sales channels.

20.    The '362 patent has been assigned to Axcess.

21.    Each claim of the '362 patent requires, *inter alia*, that the claimed "composition [be] free of medium chain fatty acids having 6 to 12 carbons and glycerides or other esters thereof."

22.    The Supplement Facts Label of PK's Perfect Keto Nootropic Brain Supplement product shows that it contains medium chain fatty acids having six to twelve carbons, in the form of medium chain triglycerides:



23.     Upon information and belief, Axcess knew or should have known that PK's products do not infringe any claim of the '362 patent.

24.     Axcess intentionally filed a complaint with Amazon.com to remove PK's Perfect Keto Nootropic Brain Supplement product even though that product does not infringe any claim of the '362 patent.

25.     The complaint filed by Axcess with Amazon.com has resulted in PK's Perfect Keto Nootropic Brain Supplement product being unavailable on Amazon.com at various times, and this situation will continue until PK is able to provide Amazon.com with a judicial declaration showing that the '362 patent is not infringed.

26.     Defendants' conduct makes this case an exceptional one, entitling PK to an award of its reasonable attorneys' fees and costs.

27.     PK is entitled to a declaratory judgment that it does not infringe directly or indirectly, literally or under the doctrine of equivalents, any claim of the '362 patent.

## COUNT II:  DECLARATORY JUDGMENT OF INVALIDITY

28.    PK realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

29.    The '362 patent claims priority to a non-provisional patent application filed on March 11, 2016.

30.    All claims of the '362 patent recite a composition comprising at least three of the following beta-hydroxybutyrate ("BHB") salts:  sodium BHB; potassium BHB; calcium BHB; and magnesium BHB.

31.    All claims of the '362 patent specifically exclude medium chain fatty acids having 6 to 12 carbon atoms and glycerides or other esters thereof.

32.    Certain dependent claims of the '362 patent recite weight percentages for the BHB salts.

33.    Certain claims of the '362 patent recite, in addition to the three BHB salts and exclusion of the medium chain fatty acids, a dietically or pharmaceutically acceptable carrier.

34.    Compositions comprising all limitations of the '362 patent claims have been known to persons having ordinary skill in the art since at least as early as 1988, as shown in, *inter alia*, U.S. Patent No. 4,771.074; U.S. Patent No. 10,980,764, and French Patent No. 2,997,302.

35.    Such prior art publications teaching all limitations of the '362 patent claims render those claims invalid under 35 U.S.C. §§ 102 and/or 103.

36.    The claims of the '362 patent are invalid pursuant to 35 U.S.C. § 112 insofar as the '362 patent specification does not provide sufficient written description to convey with reasonable clarity to those skilled in the art, as of the effective filing date, that the inventor was in possession of the full scope of the claimed invention, at least because there is no disclosure of

a composition having only three of the four listed BHB salts, in any combination of weights, without a medium chain fatty acid having 6 to 12 carbons or glycerides or other esters thereof.

37.     The claims of the '362 patent are invalid pursuant to 35 U.S.C. § 112 insofar as the '362 patent specification does not enable a person of ordinary skill in the art to make and use the claimed invention without undue experimentation, at least because there is no teaching relating to a compound having only three of the four listed BHB salts, in any combination of weights, without a medium chain fatty acid having 6 to 12 carbons or glycerides or other esters thereof.

### COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

38.     PK realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39.     PK has had a contract with Amazon.com pursuant to which PK has been permitted to sell its products, including without limitation Perfect Keto Nootropic Brain Supplement, on the Amazon.com website in exchange for a fee per sale ("Amazon Contract").

40.     The Amazon.com contract is valid and enforceable.

41.     Axcess was aware of the Amazon Contract because of its negotiations with PK regarding a potential corporate transaction, and because Axcess sells products on Amazon.com through its affiliate Real Ketones, which provided Axcess information regarding Amazon's terms and conditions relating to sellers such as PK.

42.     Axcess acted in bad faith by willfully, intentionally and unjustifiably induced Amazon.com to stop performing under its contract with PK and prevent PK from selling its Perfect Keto Nootropic Brain Supplement product on Amazon.com by making false claims of patent infringement against PK.

43.     Axcess actively persuaded and encouraged Amazon.com to prohibit PK from selling its Perfect Keto Nootropic Brain Supplement product on the Amazon.com website by filing multiple complaints with Amazon.com alleging that PK's Perfect Keto Nootropic Brain Supplement product infringes the '362 patent.

44.     Amazon.com did stop performing under its contract with PK by preventing PK from selling its Perfect Keto Nootropic Brain Supplement product on the Amazon.com website as a result of Axcess' wrongful conduct.

45.     Pursuant to Texas state law, PK has suffered damages as a result of Axcess' wrongful conduct at least insofar as it has been prevented from selling all of its products through Amazon.com and has lost sales of its Perfect Keto Nootropic Brain Supplement product and related products as a result of Axcess' tortious misconduct.

## COUNT IV:  TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

46.     PK realleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

47.     PK has had a business relationship with Amazon.com whereby PK has been permitted to sell its products, including without limitation Perfect Keto Nootropic Brain Supplement, on the Amazon.com website in exchange for a fee per sale.

48.     PK reasonably expected that it would continue to sell all of its products, including without limitation Perfect Keto Nootropic Brain Supplement, on the Amazon.com website.

49.     Axcess was aware of PK's business relationship with Amazon.com as a result of its negotiations with PK regarding a potential corporate transaction, and because Axcess contacted Amazon.com regarding PK's Perfect Keto Nootropic Brain Supplement product being sold on the Amazon.com website, which shows that Axcess knew that PK expected to continue selling its products on the Amazon.com website.

50.    Axcess acted in bad faith by willfully, intentionally and unjustifiably induced Amazon.com to partially terminate the business relationship between Amazon.com and PK and PK's expectancy that the relationship would continue in full, and to prevent PK from selling its products on the Amazon.com website by making false claims of patent infringement against PK in its communications with third-party Amazon.com.

51.    Axcess actively persuaded and encouraged Amazon.com to prohibit PK from selling its Perfect Keto Nootropic Brain Supplement product on the Amazon.com website by filing multiple complaints with Amazon.com alleging that PK's Perfect Keto Nootropic Brain Supplement product infringes the '362 patent.

52.    Amazon.com did partially terminate its business relationship with PK and prevent PK from selling its Perfect Keto Nootropic Brain Supplement product on the Amazon.com website based on Axcess' complaints and as a result of Axcess' wrongful conduct.

53.    Pursuant to Texas state law, PK has suffered damages as a result of Axcess' wrongful conduct at least insofar as it has been prevented from selling all of its products through Amazon.com and has lost sales of its Perfect Keto Nootropic Brain Supplement product and related products as a result of Axcess' tortious misconduct.

## PRAYER FOR RELIEF

**WHEREFORE,** PK respectfully prays for this Court to enter an Order granting the following relief on the claims set forth herein and against Defendant Axcess Global Sciences, Inc.:

(a)    A declaration that PK's Perfect Keto Nootropic Brain Supplement product does not infringe directly or indirectly, literally or under the doctrine of equivalents, any claim of the '362 patent;

(b)    A declaration that this is an exceptional case and that PK is the prevailing party, awarding PK its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and its costs;

(c)      An injunction enjoining Defendant and those acting in concert with it from alleging to third parties that PK's Perfect Keto Nootropic Brain Supplement product infringes any claim of the '362 patent so as to induce removal of such products from any marketing and/or sales channels;

(d)      An award sufficient to compensate PK for Axcess' tortious conduct; and

(e)      Such other and additional legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Perfect Keto Holdings, LLC, demands a jury trial on all issues triable by jury.

Dated:  July 14, 2022          *s/Truman H. Fenton*
                               Truman Fenton
                               Texas Bar No. 24059742
                               **Slayden Grubert Beard PLLC**
                               401 Congress Avenue, Suite 1650
                               Austin, TX   78701
                               (512) 402-3572
                               tfenton@sgbfirm.com

                               Kevin J. O'Shea (*pro hac vice* application to be filed)
                               **OShea Law LLC**
                               1744 Ridge Road
                               Jackson, MO  63755
                               (573) 388-2296
                               koshea@oshealawllc.com
                               *Attorneys for Plaintiff*